[Crim. No. 1466. Fifth Dist. Nov. 19, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
LAWRENCE EDWARD LATHUS, Defendant and Appellant.

## Counsel

Roderick P. Bushnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Charles P. Just and Janice Hayes, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**GARGANO, J.**—After jury trial appellant was convicted of assault with a deadly weapon in violation of Penal Code section 245, subdivision (a), and shooting on a public highway in violation of Penal Code section 374c. He appeals from the judgment entered on the jury's verdict. Appellant also requests review of the denial of his Penal Code section 995 motion to set aside the information (*People* v. *Triggs,* 8 Cal.3d 884, 887-888, fn. 2 [106 Cal.Rptr. 408, 506 P.2d 232]); he contends that the evidence presented at the preliminary hearing, like the evidence presented at the trial, did not support the charge of assault with a deadly weapon.

On July 21, 1972, Michael Pinson and Sarah McKenzie were traveling north on Highway 99 in Miss McKenzie's Oldsmobile when the left front tire went flat. Pinson, the driver, stopped the vehicle on the side of an off ramp to change the tire. After jacking up the front end of the automobile, Pinson walked to the rear of the vehicle to get a tool from the car trunk. On the way back he stopped to talk to Miss McKenzie who was seated on the front seat on the passenger side; the front right door was open, and the young man rested one arm on the top of the car and the other on the window; his head and one hand were above the top of the Oldsmobile. Suddenly, Pinson heard a loud bang or pop and air escaping from the left rear tire. At about the same time his foot started to hurt. Pinson noticed a hole in the tire and assumed that a rock had been forced into his foot from a second blowout.

Highway Patrolman Ronald Dominici, driving a patrol car, noticed the disabled automobile and Miss McKenzie walking very fast up the off ramp; he stopped and examined the injured man. After forming the opinion that Pinson's injury had been caused by a gunshot, Dominici took him to a hospital where a .22 caliber bullet was removed from the injured man's foot.

Moments before the Pinson incident, Highway Patrolman Paul Comparan was informed by radio that a dark 1966 Pontiac with two male occupants was northbound on Highway 99 from the City of Madera and that one of the occupants was shooting a gun from the vehicle; he was given the car license number. A few minutes later the patrolman saw the automobile and, with the aid of a backup unit, stopped it; Homer Pinion was driving, and appellant was seated on the passenger side. The two men alighted from the vehicle, and Patrolman Comparan made a frisk search of them for weapons. As he approached the automobile to search it, the officer smelled an odor of burnt gunpowder. In the automobile he found unused .22 caliber shells, empty beer bottles and a .22 pistol; the pistol was in the glove compartment and smelled as if it had been fired recently.

At the trial Homer Pinion testified that on July 21, 1972, he and appellant had left Fresno in Pinion's automobile to go to Redding; before leaving each man had consumed four or five beers. Pinion said that as they were traveling north on Highway 99 appellant pulled out a .22 pistol and started shooting at signs; then, when appellant noticed a tannish car parked off to the side of the highway, he shot at it. The witness stated that he did not see anyone around the car before the shot, but afterward he saw a man jump up.

Appellant's attack on the sufficiency of the evidence centers on the proposition that the People failed to prove that he fired the gun at or in the direction of the stalled automobile with actual knowledge that someone was in or near the vehicle. He insists that at the very most he was culpable of reckless conduct, and reckless conduct is not sufficient to sustain a conviction for an aggravated assault or battery. (*People* v. *Carmen,* 36 Cal.2d 768 [228 P.2d 281].) Appellant relies on *People* v. *Rocha,* 3 Cal.3d 893 [92 Cal.Rptr. 172, 479 P.2d 372], to argue that there can be no assault with a deadly weapon without an intent to commit a battery, and there can be no intent to commit the battery if the actor is unaware of the victim's presence and does not intend to hit him.

Reckless conduct alone does not constitute a sufficient basis for assault or for battery even if the assault results in an injury to another. (*People* v. *Carmen, supra,* 36 Cal.2d 768, 775-776.) In addition, the case of *People* v. *Rocha, supra,* 3 Cal.3d 893, 899, holds that the requisite intent for the commission of an assault with a deadly weapon is the intent to commit a battery. Prior to that case there was a dichotomy in the law as to the nature of the intent required for the commission of the offense, and in *Rocha* the high court resolved the esoteric distinctions which were being made in support of one position or the other. The court said: "An

assault is an unlawful attempt, coupled with the present ability, to commit a violent injury on the person of another, or in other words, it is an attempt to commit a battery. (1 Witkin, Cal. Crimes (1963) § 255, p. 241; *People v. McCaffrey,* 118 Cal.App.2d 611 [258 P.2d 557].) Accordingly the intent for an assault with a deadly weapon is the intent to attempt to commit a battery, a battery being 'any willful and unlawful use of force or violence upon the person of another.' "

However, when an act inherently dangerous to others is committed with a conscious disregard of human life and safety, the act transcends recklessness, and the intent to commit the battery is presumed; the law cannot tolerate a deliberate and conscious disregard of human safety. Thus, if one deliberately employs a lethal weapon, such as a gun, with actual or presumptive knowledge that if utilized in the manner in which it is being used the infliction of serious bodily injury to another is very likely to occur, he is presumed to have intended the natural consequences of his deliberate act. As Professor Perkins puts it: "Intent includes those consequences which (a) represent the very purpose for which an act is done (regardless of the likelihood of occurrence), or (b) are known to be substantially certain to result (regardless of desire)." (Perkins on Criminal Law (2d ed.) ch. 7, § 1, p. 747.)

It would be anomalous to hold that a person who has injured another seriously by deliberately shooting a gun into a building[1] or at a moving train[2] or at or in the direction of a vehicle stalled on a public highway, can escape the consequences of his highly dangerous act by the bald assertion that he did not know that anyone was in the building or in the train or in or near the vehicle. Such a result is not required either by the *Rocha* opinion or common sense. On the contrary, after stating that the intent required for an assault with a deadly weapon is the intent to commit a battery, the *Rocha* court went on to say: ". . . the criminal intent which is required for assault with a deadly weapon and set forth in the instructions in the case at bench, is the general intent to wilfully commit an act the direct, natural and probable consequences of which if successfully completed would be the injury to another. Given that intent it is immaterial whether or not the defendant intended to violate the law or knew that his conduct was unlawful. The intent to cause any particular injury [citation], to severely injure another, or to injure in the sense of inflicting bodily harm is not necessary." (*People v. Rocha, supra,* 3 Cal.3d 893, 899, fns. omitted.)

---

[1]See *In re Steven C.,* 9 Cal.App.3d 255, 263 [88 Cal.Rptr. 97].
[2]See *Banks* v. *State,* 85 Tex.Crim. 165 [211 S.W. 217, 5 A.L.R. 600].

In this case there was evidence to show that appellant deliberately fired at an automobile stalled on the highway. There was also evidence to show that the incident occurred during daylight hours, that the stalled automobile was parked only 12 to 16 feet to the right of an off ramp adjacent to a busy freeway, that the left front of the car was jacked up off the ground, that the tire was partly off the left front wheel, that the lid to the car trunk was up, that there was a passenger in the automobile, that the injured person's head and hand were above the top of the car, and that the road bed upon which the Pontiac, carrying appellant, was traveling was higher than the shoulder where the Oldsmobile was parked. ■ The jury reasonably could find that appellant deliberately shot at the parked automobile with actual knowledge that there were people in or near it and that he did so with conscious disregard of their safety.

Appellant testified that he did not shoot at the vehicle and that he did not see anyone in or near it when the shot was fired. Assuming that this testimony, if believed by the jury, would have exonerated the defendant of the charge of an assault with a deadly weapon, it is not our function to judge the credibility of the witnesses or to resolve conflicts in the evidence. The function of an appellate court begins and ends with the determination as to whether there is any substantial evidence to support the judgment. (*People* v. *Redmond,* 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].)

For essentially the same reasons, we reject appellant's argument that the court improperly denied his motion to dismiss the information pursuant to Penal Code section 995. ■ It is sufficient to state that: " 'On a motion to set aside an information, the question of guilt or innocence of the defendant is not before the court, nor does the issue concern the quantum of evidence necessary to sustain a judgment of conviction. The court is only to determine whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense has been committed in which the defendant had participated.' " (*People* v. *Ross,* 25 Cal.App.3d 190, 195 [100 Cal.Rptr. 703].)

■■ Appellant contends that the court erred in failing to give an instruction, *sua sponte,* on the lesser offense of battery.

A battery is not a lesser and necessarily included offense of an assault with a deadly weapon nor was the battery embraced within the allegations of the pleading; an assault with a deadly weapon can be perpetrated without committing a battery, and the information did not allege that the assault resulted in an injury. (*People* v. *Marshall,* 48 Cal.2d 394, 398-399 [309 P.2d 456]; *In re Hess,* 45 Cal.2d 171, 174 [288 P.2d 5].)

Furthermore, no evidence was presented in this case by either the defendant or the People which would have exculpated the defendant of the crime of assault with a deadly weapon while at the same time laying the foundation for a guilty verdict on the battery. Under these circumstances, an instruction on the battery offense was not mandatory even if the commission of the battery had been embraced within the scope of the pleading. (*People* v. *Morrison,* 228 Cal.App.2d 707, 713 [39 Cal.Rptr. 874]; *People* v. *Whalen,* 33 Cal.App.3d 710, 718 [109 Cal.Rptr. 282]; *People* v. *Perkins,* 9 Cal.App.3d 1048, 1051 [88 Cal.Rptr. 720].)

The judgment is affirmed.

Brown (G. A.), P. J., and Franson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 16, 1974.