[No. G001053. Fourth Dist., Div. Three. Apr. 30, 1985.]

In re BRIAN F., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
BRIAN F., Defendant and Appellant.

**COUNSEL**

Paul S. Meyer for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Jay M. Bloom and John W. Carney, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SONENSHINE, Acting P. J.**—Brian F. appeals after the juvenile court sustained a petition (Welf. & Inst. Code, § 602) alleging he committed an assault with a deadly weapon (Pen. Code, § 245, subd. (a)) involving two victims. We affirm.

Brian left a party at Todd Anderson's residence but soon returned. He drove past the house, tossed a firecracker into the street, turned his car around and parked in front of the residence. Other guests gathered in the street. Brian got out of his car, pointed a cocked rifle in their direction and talked with some of the people. He then drove his car further down the block and stopped again.

The host approached the car and spoke with Brian. As they were talking, other guests walked toward the car. One of them, Austin Smith, started fighting with Todd. More guests gathered around the car. The fight between Todd and Austin continued behind Brian's car, which began to roll slowly backward. Brian accelerated. Both Todd and Austin were severely injured when the car rolled over them.

I

■ Brian argues the trial court misconstrued *People* v. *Lathus* (1973) 35 Cal.App.3d 466 [110 Cal.Rptr. 921]. The defendant in *Lathus,* a passenger in a car traveling on a highway, shot at a parked car, injuring the driver who was standing next to the car. Lathus was convicted of assault with a deadly weapon. He attacked the sufficiency of the evidence, arguing the "People failed to prove that he fired the gun at or in the direction of the stalled automobile with actual knowledge that someone was in or near the vehicle." (*Id.,* at p. 469.) The appellate court upheld his conviction, finding "[t]he jury reasonably could find that appellant deliberately shot at the parked automobile with actual knowledge that there were people in or near it and that he did so with conscious disregard of their safety." (*Id.,* at p. 471.)

Brian argues *Lathus* precludes a finding of intent based upon *a presumption* of knowledge. In other words, *Lathus* applies only when there is actual knowledge of the situation and a deliberate disregard of the consequences. But *Lathus* must be read in its entirety.

The court observed intent (or actual knowledge) is a necessary element of assault with a deadly weapon.[1] However, the court held "when an act inherently dangerous to others is committed with a conscious disregard of human life and safety, the act transcends recklessness, and the intent to commit the battery is presumed; the law cannot tolerate a deliberate and conscious disregard of human safety. Thus, if one deliberately employs a lethal weapon, such as a gun, with actual or presumptive knowledge that if utilized in the manner in which it is being used the infliction of serious bodily injury to another is very likely to occur, he is presumed to have intended the natural consequences of his deliberate act." (*Id.,* at p. 470.)

Here the trial court stated, "I don't think that the facts show beyond a reasonable doubt that the minor specifically intended to run over those two named victims." However, the trial court concluded, "I do find that the minor, either knew or—should have known without any doubt either should have knew [*sic*] or should have known that there are human beings beyond [*sic*] him either directly behind his car, or behind the general area of his car in the positions that the conduct that he engaged in, to wit: put it in reverse, planted his foot down on the accelerator with conduct that was

---

[1] The *Lathus* court observed "[r]eckless conduct alone does not constitute a sufficient basis for assault or for battery even if the assault results in an injury to another. [Citation.] [And] . . . the requisite intent for the commission of an assault with a deadly weapon is the intent to commit a battery. . . . Accordingly the intent for an assault with a deadly weapon is the intent to attempt to commit a battery . . . ." (*Id.,* at pp. 469-470.)

likely to cause great bodily injury to these people that were behind him in the general area behind his car.''

Requiring "actual knowledge," as Brian uses the term, would permit aggravated and even lethal assaults without criminal liability, merely because the perpetrator was indifferent to either the circumstances or consequences of his or her actions. Intent may be presumed when the act is inherently dangerous and committed with conscious disregard of human safety. Therefore, it is sufficient that Brian, *under the circumstances, should have known* his actions were very likely to inflict serious bodily injury to others. Both the holding and reasoning of *Lathus* compel the conclusion Brian's state of mind established his culpability for the assaults.[2]

## II

■ Brian next argues that even if the court correctly applied *Lathus,* the evidence is insufficient. He suggests the evidence shows he reversed with the intent of retrieving his gun, which had been taken by one of the guests standing near the car. He further argues noise prevented him from hearing the warnings and that even if he had taken every necessary precaution, he would not have seen the victims. Even if true, the evidence does not exonerate him. Further, by arguing he was guilty, at most, of reckless driving, Brian is asking us to reweigh the evidence. But "it is not our function to judge the credibility of the witnesses or to resolve the conflicts in the evidence. The function of an appellate court begins and ends with the determination as to whether there is any substantial evidence to support the judgment. [Citation.]" (*People* v. *Lathus, supra,* 35 Cal.App.3d 466, 471.)[3] There is substantial evidence to support the trial court's finding Brian *should have known* there were people behind his car and by quickly reversing the automobile, he would cause them injury.

---

[2]An objective view of the facts might suggest Brian believed he was in a forward gear, as he told the probation officer preparing the report for the dispositional hearing. But in none of the three postarrest interviews presented by the prosecution at the jurisdictional hearing did he ever suggest that was his belief; and he offered no evidence to that effect.

In those statements Brian justified his behavior on the basis he was under attack by persons surrounding his car, not because of a mistake as to which direction he expected the vehicle to travel. There was substantial evidence to support the commissioner's rejection of that claim, however, and no evidence at all that he did not know the car was in reverse. Consequently, application of *Lathus* is apt. Backing a vehicle at high speed in a crowded street is, if anything, less defensible than shooting at a vehicle parked beside the road. On the evidence presented at the jurisdictional hearing, the finding Brian knew or should have known of the danger to others is fully justified.

Hence, we are not extending *People* v. *Lathus, supra,* 35 Cal.App.3d 466 to a point which blurs the line between reckless conduct and the general criminal intent necessary to support a conviction for assault with a deadly weapon.

[3]Appellant asks us to independently review the evidence. We decline to do so for the reason stated.

The judgment is affirmed.

Crosby, J., and Wallin, J., concurred.