[No. A080251. First Dist., Div. Five. Aug. 24, 1998.]

In re GAVIN T., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
GAVIN T., Defendant and Appellant.

## COUNSEL

Frank Offen, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and Mark S. Howell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PETERSON, P. J.**—Appellant Gavin T. contends there was insufficient evidence that he committed an assault by means of force likely to cause great bodily injury, or with a deadly weapon. (Pen. Code, § 245, subd. (a)(1) (section 245).) We agree.

The appellant, who was 15 at the time, threw away a partially eaten apple, and the thrown apple unfortunately passed through a gap in a door and accidentally hit a teacher inside his school.

We agree the evidence adduced here was insufficient to sustain the juvenile court's finding that appellant committed an intentional assault by

means of force likely to cause great bodily injury or with a deadly weapon; and in fact, the juvenile court found appellant did not intend to hit the victim with the apple. The crime of assault requires an intent to touch, strike, or batter a victim; or a general criminal intent to act in an inherently dangerous manner. In the absence of such intent, we must vacate the juvenile court's order.

## I. FACTS AND PROCEDURAL HISTORY

Appellant was 15, and a student at a school. He was eating lunch outside with some friends during the lunch period. Appellant and a friend shared an apple. When the apple was half eaten, appellant threw the remainder of the apple core toward a wall some distance away. The wall was that of a classroom in which no class was scheduled to occur during the lunch period.

Unfortunately, a teacher was, in fact, inside the classroom, holding a special tryout for the school choir. The thrown apple somehow sailed through a slowly closing door, entering through a gap of about 12 inches, and struck the teacher in the head while she was in the classroom. As a very unfortunate and unusual consequence, the teacher was knocked to the floor and lost consciousness for a few minutes.

A petition was filed in the juvenile court, in which it was alleged that appellant committed an assault by means of force likely to cause great bodily injury or with a deadly weapon, in violation of section 245.

The matter proceeded to a contested hearing at which the victim, appellant, and a number of other witnesses testified.[1] The juvenile court found that appellant did not intend to hit the teacher with the thrown apple, and merely intended to see the apple splatter against a wall. The juvenile court after making this no-intent finding, in order to send a "message" to appellant's classmates that his actions were wrong, nonetheless inexplicably found true the petition's allegations necessarily depending on such intent in a section 245 charge. This appeal followed.

## II. DISCUSSION

■ We must vacate the juvenile court's order. It suffers from a number of fatal defects.

■ First, it is black letter law that one cannot *unintentionally* commit the crime of assault. In order to be found guilty of a criminal assault, one must

---

[1]The record does not clearly reveal why this relatively minor school disciplinary matter was elevated to the charge and trial of aggravated felony assault proscribed by section 245.

have either the intent to batter, hit, strike, or wrongfully touch a victim; or one must have a general criminal intent to do an act which is inherently dangerous to human life—such as firing a cannon at an inhabited castle, or driving an elephant into a crowded judicial conference. (See *People* v. *Smith* (1997) 57 Cal.App.4th 1470, 1480-1482 [67 Cal.Rptr.2d 604] (*Smith*); see also *People* v. *Rocha* (1971) 3 Cal.3d 893, 899 [92 Cal.Rptr. 172, 479 P.2d 372]; *People* v. *Wingo* (1975) 14 Cal.3d 169, 176-177 [121 Cal.Rptr. 97, 534 P.2d 1001]; *People* v. *Aguilar* (1997) 16 Cal.4th 1023, 1028 [68 Cal.Rptr.2d 655, 945 P.2d 1204]; *People* v. *Cotton* (1980) 113 Cal.App.3d 294, 302 [169 Cal.Rptr. 814]; *In re Brian F.* (1985) 167 Cal.App.3d 672, 673-675 [213 Cal.Rptr. 195].)

The trial court may have been misled here by the fact that there could also be civil liability in tort on these facts, for battery. However, that would be to confuse apples with oysters. This case does not involve civil tort liability for an assault or battery. Tort liability might be predicated on negligence or reckless conduct. The crime of assault, however, requires a showing of criminal intent, or an intentional act whose reasonable and probable consequences are inherently dangerous to human life. (See *Smith, supra*, 57 Cal.App.4th at pp. 1480-1482.)

The act in issue here, of throwing a half-eaten apple against a wall, though perhaps negligent or reckless, is not such a heinous act. A half-eaten apple is not a deadly weapon, nor is it inherently dangerous to human life. A recklessly discarded apple is not "any means of force likely to produce great bodily injury" within the meaning of section 245. When by some freak mischance an unintended injury results from an accelerated apple core, there might be civil liability in tort; but there simply is no criminal assault under section 245. (See *Smith, supra*, 57 Cal.App.4th at pp. 1480-1482.)[2]

In order to sustain the juvenile court's finding, we would have to hold that every allegedly tortious act causing physical injury, such as carelessly permitting a ripe apple to fall from a defendant landowner's tree onto Isaac Newton's head, would also be an assault crime under section 245. In sum, we decline to endorse a rule which would make automatic crimes out of all apple-related torts.[3]

---

[2]The People cite no case, and our own research has found none, which holds that a normal half-eaten piece of fruit could be a deadly weapon, or that a piece of fruit when carelessly discarded or thrown would constitute a force likely to cause great bodily injury. We think there is a good commonsense reason why such cases do not exist, and we reject establishing a precedent equating a discarded apple core with a baseball bat or a pistol.

[3]We are not talking here about watermelons, after all.

Here, there was also no evidence that appellant intended to strike the teacher with a discarded apple core; and all the evidence and circumstances showed the contrary. In the absence of any sufficient evidence of an intent to touch or strike the victim, the juvenile court rightly found appellant had no such intent, and that he merely intended to watch the discarded apple splatter against the wall. Such an urge may have been juvenile and, therefore, rather appropriate to appellant's age; but it did not constitute a criminal intent to batter the victim or a general criminal intent to act in a manner inherently dangerous to human life.[4]

Having found appellant had no intent to commit an assault, and with this record devoid of proof of a general intent to act so as to inherently endanger human life, the juvenile court was required by law to find the criminal assault allegation to be not true. (See *Smith, supra*, 57 Cal.App.4th at pp. 1480-1482.) While the juvenile court's desire to send a message to appellant and his classmates that negligent or reckless behavior is not approved is not wholly inappropriate, we cannot sustain the judicial response it used to convey that message. Throwing away an apple so that it splattered against a wall might, of course, result in a warning, reproval, or other discipline at school, and might even constitute some public infraction not requiring a felonious intent, such as littering. The message we send, however, is that the courts should not ignore the law and find noncriminal behavior to be a felonious crime, merely to send a message of disapproval for educational purposes. As much as we also disapprove of throwing apples, we disapprove even more of finding people guilty of crimes they did not commit—an act which would strike even more directly at our core values.

We must, therefore, vacate the juvenile court's finding that appellant committed a criminal aggravated assault under section 245 by means of an apple core. We will remand the matter to the juvenile court, with instructions to find the apple assault allegation untrue, and to dismiss the petition immediately.

III. DISPOSITION

The order of the juvenile court, finding the assault allegation of the petition to be true, is vacated. The matter is remanded to the juvenile court,

---

[4]We decline the People's suggestion that we treat this matter as moot, on the asserted grounds that appellant could obtain dismissal of the petition, by performing community service and other conditions of the disposition as ordered by the juvenile court. We do not wish to leave on appellant's record under any circumstances an improper finding of a violation of section 245.

with instructions to find the assault allegation untrue and to dismiss the petition.

Haning, J., and Jones, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 2, 1998.