GREGG COSTA, Circuit Judge,
dissenting:
I agree that the California statute is divisible, and Mendez’s conviction can thus be narrowed to discharging a firearm at an occupied vehicle. Cal. Penal Code § 246.1 also agree that the offense of discharging a firearm at an occupied vehicle poses a greater risk of injury to the occupant than the offense of discharging a firearm at an occupied building. The Guideline we are applying, however, says nothing about risk. Contrast 18 U.S.C. § 924(c)(3)(B); U.S.S.G. 4B1.2 (2014) (residual clauses both focusing on a “serious potential risk” of. injury). It looks only' at whether the state offense “has as an element the use, attempted use, or threatened use of physical force against the person of another.” U.S.S.G. § 2L1.2, cmt. n.l(B)(iii) (emphasis, added). The California statute does not have such an element. An element, of course, .is something the government must provide to convict someone of the crime. The pattern jury instruction for section 246 requires the government to prove only two elements: that 1) the “defendant willfully and maliciously shot a firearm,” and 2) the “defendant shot the firearm at an occupied motor vehicle.” Cal. Crim. Jury Instr. § 965 (2016); see also People v. Ramirez, 45 Cal.4th 980, 985, 89 Cal.Rptr.3d 586, 201 P.3d 466 (2009). A jury does not have to find that the defendant used, attempted to use, or threatened to use force against a person.
*226 That should end this appeal. The pattern charge embraced by the state supreme court means the California shooting-at-an-occupied-vehicle statute has the same defect as the North Carolina and Virginia shooting-at-an-occupied-building statutes that we held were not crimes of violence. United States v. Hernandez-Perez, 589 Fed.Appx. 282, 283-84 (5th Cir. 2015) (per curiam); United States v. Alfaro, 408 F.3d 204, 209 (5th Cir. 2005). I would adopt the view of the Tenth and Eleventh Circuits that the undisputed lack of the element the Guideline requires — use, attempted use, or threatened use of force against a person— is also dispositive in statutes involving shooting at an occupied vehicle. United States v. Estrella, 758 F.3d 1239, 1251-52 (11th Cir. 2014); United States v. Ford, 613 F.3d 1263, 1272 (10th Cir. 2010) (both applying the reasoning of Alfaro to occupied vehicles).[1]
The broad application California courts have given section 246 provides even stronger support for that view. Not Only does the statute not require the government to prove use of force against a person, but it is also not necessary that the defendant have demonstrated a conscious disregard for the life or safety of others. In re Daniel R., 20 Cal.App.4th 239, 246, 24 Cal.Rptr.2d 414 (1993). The California court wrote, “To violate section 246 in this context it is not strictly necessary for a human being to be the target of the assault or that defendant’s acts demonstrate a conscious disregard for the life and safety of others. It is sufficient if the probable consequence of the defendant’s acts is the shots fired will make contact with the occupied vehicle itself.” Id. In keeping with this principle, a California court upheld a conviction under section 246 for shooting at the unoccupied trailer of an occupied tractor-trailer rig. People v. Buttles, 223 Cal.App.3d 1631, 1637-38, 273 Cal.Rptr. 397 (1990).
I recognize that common sense would lead most to conclude that the crime of shooting a firearm at an occupied vehicle is a violent one. And at least in part because of numerous counterintuitive results like this one, this question would not matter if Mendez committed his illegal reentry offense today. Effective November 1 of last year, the Guidelines for illegal reentry have ditched the enhancements that focus on the categorical nature of prior offenses in favor of focusing on the length of the sentences received for those offenses. U.S.S.G. § 2L1.2(b)(2); cf. Almanza-Arenas v. Lynch, 815 F.3d 469, 482 (9th Cir. 2016) (Owens, J., concurring) (recommending the same change to the immigrations laws governing removability because a re *227 gime based on the length of a prior sentence while not “foolproof ... cannot be worse than what we have now”). But under the old Guideline that governs this case, the focus is on the elements of the offense whether we like it or not. See generally United States v. Bernel-Aveja, 844 F.3d 206, 214-215 (5th Cir. 2016) (Higginbotham, J., concurring) (discussing the traditional Guidelines approach). And when the old regime did produce a result that a prior conviction was not a match with the Guideline, the effect was not to preclude any consideration of the prior offense. In exercising its discretion under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court can consider the relative severity of the defendant’s actual prior criminal conduct as opposed to the theoretical inquiry the categorical approach requires. See 18 U.S.C. § 3553(a)(1).
I would thus vacate the sentence and remand so the district court can make that more holistic assessment of Mendez’s history.

. Neither United States v. Voisine, - U.S. -, 136 S.Ct. 2272, 195 L.Ed.2d 736 (2016), nor Mathis v. United States,-U.S.-, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), undermine Alfaro, Estrella, or Ford. Mathis addresses when a statute is divisible so that a court may use the modified categorical approach to consider whether a narrower violation of the statute is a categorical match. I agree with the majority opinion’s application of Mathis to narrow Mendez's crime to shooting at an occupied vehicle (as opposed to shooting at an occupied building which is also a crime under § 246).
As the majority opinion goes on to note, Voisine addresses the means rea required for the "use of force” aspect of the Guideline. I agree that the California statute meets the lower Voisine threshold that only requires the discharge of the firearm to be voluntary (that is, it need not be intentional; reckless discharge is enough).
The majority opinion then recognizes that a separate question remains whether California's crime of shooting at an occupied vehicle has the element of "the use, attempted use, or threatened use of physical force against the person of another.” U.S.S.G. § 2L1.2, cmt. n.l(B)(iii) (emphasis added). It does not, so the enhancement should not apply. This final portion of the analysis is the issue for which Estrella, Ford, and Alfaro are relevant.