Filed 12/7/20  P. v. Ramirez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C087024 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF17-5804) |
| v. | |
| STEPHON JEROME RAMIREZ, | |
| Defendant and Appellant. | |

Following a jury trial, defendant was convicted of numerous crimes, including attempted shooting at an occupied vehicle.  The trial court sentenced defendant to serve an aggregate term of 13 years 8 months in state prison.  On appeal, defendant raises three contentions:  (1) there was insufficient evidence to convict him of attempted shooting at an occupied vehicle; (2) the matter should be remanded to determine his ability to pay fines and fees; and (3) the abstract of judgment needs to be corrected.  We agree the abstract of judgment requires correction.  Defendant's remaining contentions lack merit.

1

However, we must modify the judgment to address some clerical and sentencing errors. The judgment is affirmed as modified.

## BACKGROUND

The People charged defendant with numerous criminal offenses including attempted shooting at an occupied vehicle. (Pen. Code, §§ 664/246.)[1] The People further alleged defendant committed these crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), and personally used a firearm (§ 12022.5, subd. (a)).

A jury found defendant guilty on several charges, including attempted shooting into an occupied vehicle. The jury also found true the gang enhancement allegations, as well as the firearm use enhancement. The trial court subsequently sentenced defendant to serve an aggregate term of 13 years 8 months in state prison.

The court ordered defendant to pay various fines and fees, including "a court operations assessment of $40 for each count pursuant to . . . [s]ection 1465.8. The $40 for Count 1 is stayed pursuant to . . . [s]ection 654." The court also ordered defendant to pay "a criminal conviction assessment of $30 for each count pursuant to Government Code [s]ection 70373[, subdivision] (a)(1). The $30 for Count 1 is stayed pursuant to . . . [s]ection 654."

## DISCUSSION

## I

### *Sufficiency of the Evidence*

Defendant contends there was insufficient evidence to convict him of attempted shooting at an occupied vehicle. In support of his contention, defendant argues the People failed to prove he had the present ability to injure someone when he attempted to

---

[1] Undesignated statutory references are to the Penal Code.

shoot a firearm into a vehicle. We reject defendant's argument because the present ability to injure someone is not an element of the offense.

Where the sufficiency of evidence is challenged on appeal, we review the record in the light most favorable to the judgment, to determine whether it discloses substantial evidence. (*People v. Snow* (2003) 30 Cal.4th 43, 66.) Substantial evidence is evidence that is "reasonable, credible and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*Ibid*.) From the evidence, we draw all inferences supporting the jury's verdict. (*People v. Olguin* (1994) 31 Cal.App.4th 1355, 1382.)

Discharging a firearm at an occupied vehicle requires proof that a defendant maliciously and willfully discharged a firearm at an occupied vehicle. (§ 246; *People v. Manzo* (2012) 53 Cal.4th 880, 884-885.) For purposes of section 246, a defendant discharges a firearm at an occupied vehicle when "shooting either directly at or in close proximity to an inhabited or occupied target under circumstances showing a conscious disregard for the probability that one or more bullets will strike the target or persons in or around it." (*People v. Overman* (2005) 126 Cal.App.4th 1344, 1356.)

"An attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." (§ 21a.)

Here, defendant argues there was insufficient evidence to prove he had the present ability to injure someone in order to convict him of attempted shooting at an occupied vehicle. The present ability to injure someone, however, is not an element of the offense. (See *People v. Licas* (2007) 41 Cal.4th 362, 367-368 ["unlike assault with a deadly weapon, the willful and malicious discharge of a firearm at a vehicle does not contain the element of the present ability to commit a violent injury"], citing with approval *In re Daniel R.* (1993) 20 Cal.App.4th 239 [assault with a deadly weapon is not a lesser included offense of shooting into an occupied vehicle because the present ability to

3

commit a violent injury to another is not an element of shooting into an occupied vehicle].)

Defendant's sufficiency of the evidence argument is thus premised entirely on an element that is not relevant to the offense. As a result, the argument cannot be a question of sufficient evidence, but is a legal question regarding the elements of attempted shooting at an occupied vehicle. Defendant, however, cites no authority to support the assertion that the present ability to injure someone is (or should be) an element of attempted shooting at an occupied vehicle.

## II

### *Ability to Pay Fines and Fees*

Defendant challenges the trial court's imposition of all the fines and fees imposed at sentencing. Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant argues imposition of fines and fees without an ability to pay hearing is unconstitutional and the matter should be remanded for an ability to pay hearing. We disagree.

### A.

### *Forfeiture*

The Attorney General argues defendant's challenges to the fees and fines are forfeited for failure to raise ability to pay in the trial court. Defendant acknowledges his trial counsel did not object to any fines and fees on the basis of indigency.

There is presently a split of authority with respect to whether a defendant who did not object to the trial court's imposition of mandatory fines and fees based on inability to pay, such as defendant in this case, forfeits a *Dueñas* claim. (Compare *People v. Frandsen* (2019) 33 Cal.App.5th 1126 [finding forfeiture] with *People v. Castellano* (2019) 33 Cal.App.5th 485 [no forfeiture].) We need not weigh in on the forfeiture issue because, as we explain immediately below, even assuming defendant's claim is properly preserved for review, there was no constitutional violation.

4

**B.**

*No Constitutional Violation*

In *Dueñas*, after numerous citations and convictions related to driving without a license resulted in significant fines and fees, the defendant could not pay and requested a hearing to determine her ability to pay those costs. (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1160-1163.) Following the statutory language, the trial court ruled the assessments were mandatory and *Dueñas* had not shown the " 'compelling and extraordinary reasons' " required to waive the restitution fine. (*Id*. at p. 1163.)

The Court of Appeal reversed, holding due process prohibits a trial court from imposing court assessments under section 1465.8 and Government Code section 70373, and requires the trial court to stay execution of any restitution fines unless it conducts an ability to pay hearing and ascertains the defendant's ability to pay those assessments and fines. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) To support this conclusion, *Dueñas* relied on two lines of due process precedent. *Dueñas* cited authorities addressing access to courts and waiving court costs for indigent civil litigants. *Dueñas* also relied on due process and equal protection authorities that prohibit incarceration based on a defendant's indigence and inability to pay a fine or fee. (*Id*. at pp. 1165-1166, 1168.) The court further concluded that imposing costs on indigent defendants "blamelessly" unable to pay them transformed a "funding mechanism for the courts into additional punishment." (*Id*. at p. 1168.)

*People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946 (*Hicks*) rejected the reasoning of *Dueñas, supra,* 30 Cal.App.5th 1157, under both lines of due process authority. First, *Hicks* observed imposition of fees after a determination of guilt does not deny criminal defendants access to the courts and does not interfere with a defendant's right to present a defense or challenge a trial court's rulings on appeal. (*Id*. at p. 326.) Second, *Hicks* noted imposition of fees, without more, does

not result in incarceration for nonpayment of fines and fees due to indigence; thus, it does not infringe on that fundamental liberty interest. (*Ibid*.)

*Hicks* went on to conclude the *Dueñas* court's expansion of these due process "foundational pillars" was an incorrect interpretation of due process foundations because it was inconsistent with the principles announced by our Supreme Court and the United States Supreme Court, that imposition of fines and assessments on indigent defendants is not prohibited because the state has a fundamental interest in punishing those who violate the criminal law, and not conferring immunity for such punishment on indigent defendants. (*Hicks*, *supra*, 40 Cal.App.5th at p. 327, rev.gr.) In addition, the *Dueñas* court's holding was inconsistent with the purposes and operation of probation because it relieved indigent defendants of any duty to make an effort to repay their debt to society. (*Hicks*, p. 327.)

We agree with the reasoning in *Hicks*, *supra*, 40 Cal.App.5th 320, review granted. Accordingly, we conclude the imposition of fines, fees, and assessments on an indigent defendant without consideration of ability to pay does not violate due process and there is no constitutional requirement for the trial court to conduct an ability to pay hearing prior to imposing these fines, fees, and assessments.

### III

### *Clerical and Sentencing Errors*

Defendant contends, and the People agree, the abstract of judgment and minute orders need to be corrected and/or clarified.

The record on appeal contains two abstracts: one filed on April 9, 2018 (April Abstract) and a second filed on May 21, 2018 (May Abstract). The April Abstract was filed following sentencing in this matter; the May Abstract was filed following sentencing in a subsequent matter. The May Abstract reflects the sentence imposed on each count of conviction in the current matter, along with the sentence imposed on each count of conviction in the subsequent matter. There are, however, differences between

6

the two abstracts regarding sentencing in the current matter, and sentencing errors regarding fees in the current matter.

The April Abstract incorrectly lists the sentence on count 1 in the current matter as one-third the middle term (10 months), to be served consecutive to count 5. The trial court, in fact, sentenced defendant to serve the upper term of 42 months for this conviction, but stayed the sentence pursuant to section 654. The May Abstract reflects the correct sentence but there is no indication the May Abstract is an amended abstract or otherwise intended to replace the April Abstract. It is, therefore, unclear which is the operative abstract of judgment.

The April Abstract also does not accurately reflect the fees imposed by the trial court at sentencing. The April Abstract lists a $90 court operations assessment (§ 1465.8) and a $120 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)). These are reversed. In fact, the trial court ordered defendant to pay a $40 court operations assessment on each conviction except for count 1, which the court stayed, for a total of $120. The court ordered defendant to pay a $30 court facilities assessment on each conviction except for count 1, which the court stayed, for a total of $90.

The trial court, however, erred in staying the assessments on count 1; the assessments must be imposed on each conviction, regardless of whether the sentence is stayed. (See *People v. Crittle* (2007) 154 Cal.App.4th 368, 371 [court operations assessment is mandatory and must be imposed, even if sentence stayed pursuant to section 654].) Accordingly, the judgment must be modified to lift the stay on those assessments and reflect the correct amounts: $160 court operations assessment and $120 court facilities assessment.

Additionally, the March 21, 2018, minute order incorrectly reflects the jury's verdict on counts 2, 3, 4, and 6. The jury was unable to reach a verdict on those counts, but the minute order indicates the jury reached a verdict of not guilty. The March 21, 2018, minute order must be corrected accordingly.

DISPOSITION

The judgment is modified to lift the stay imposed by the trial court on the court operations and court facilities assessments and impose a total court operations assessment of $160, and a total court facilities assessment of $120.

The trial court is directed to correct, clarify, and amend the abstracts of judgment consistent with this opinion and forward a certified copy of the same to the Department of Corrections and Rehabilitation. The trial court is further directed to amend the March 21, 2018, minute order to correctly reflect the jury's failure to reach verdicts on counts 2, 3, 4, and 6.

The judgment is affirmed as modified.


                       /s/\
                       HOCH, J.


We concur:


 /s/\
BLEASE, Acting P. J.


 /s/\
DUARTE, J.

8