United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 04-40309
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

VERSUS

RAFAEL AGUILAR-DELGADO, aka Lieonel Villagomez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 7:03-m -04128

Before KING, Chief Judge, HIGGINBOTHAM and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:[*]

Rafael Aguilar-Delgado pled guilty to unlawfully attempting to enter the United States after deportation in violation of 8 U.S.C. § 1326 and 6 U.S.C. §§ 202 and 557. He appeals the judgment of the district court as to his sentence only, specifically contesting the sixteen-level enhancement imposed by the district court based on its conclusion that his prior conviction of aggravated battery under Illinois law was a crime of violence pursuant to Sentencing Guideline § 2L1.2(b)(1)(A)(ii).

_____

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

I.

Aguilar-Delgado argues that the district court erred when it characterized his 2001 aggravated battery conviction as a "crime of violence" for the purpose of assessing a sixteen-level enhancement under the guidelines. Because Aguilar-Delgado raises this issue for the first time on appeal, we review this claim for plain error.[2] United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002). When reviewing for plain error, we will find reversible error only if: "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." Id. (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). If these elements are present, we need only exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Under the guidelines, a person who is convicted of attempted illegal re-entry to the United States under 8 U.S.C. § 1326 is subject to a sixteen- level enhancement if, prior to his deportation, he had been convicted of a felony that constitutes a "crime of violence" as defined in U.S.S.G. § 2L1.2(b)(1)(A)(ii), n.1(B)(ii) (2002). A crime of violence is an

_____

[2] At the initial sentencing hearing, the defendant contended that his Illinois conviction was for simple battery rather than aggravated battery. The court adjourned the hearing so counsel could resolve this issue. When the court reconvened several days later, the court asked about the results of the inquiry. At this point, counsel for defendant replied "Unfortunately . . .it turned out that it was an aggravated battery that he was convicted of, Your Honor." No further exchange occurred among counsel and the court concerning whether the Illinois conviction was a crime of violence. Under these circumstances, we are not persuaded that this statement constituted invited error. The defendant therefore did not relinquish his right to object to the enhancement on the grounds that it was not a crime of violence, and thus, he has not waived his right to plain error review. United States v. Musquiz, 45 F.3d 927 (5th Cir. 1995); United States v. Dodson, 288 F.3d 153 (5th Cir. 2002); United States v. Reveles, 190 F.3d 678 (5th Cir. 1999).

offense that comes within a limited list of crimes (which does not include aggravated battery) or is one "that has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. Aguilar was convicted under Illinois's aggravated battery statute. Ill. Comp. Stat. 5/12-4 (1996). This court has previously found that the Illinois statute provides for the commission of the offense in a number of different ways, some of which do not require the use of physical force against a person. United States v. Gomez-Vargas, No. 03-40966, slip. op. at 2-3 (5th Cir. Oct. 14, 2004)(unpublished). Accordingly, a conviction under that statute is not a crime of violence unless the charging papers indicate "which of the various statutory alternatives are involved in the particular case." United States v. Calderon-Pena, 383 F.3d 254, 258 (5th Cir. 2004). The record in this case does not include the indictment for the Illinois conviction and we are unable to "pare down" the statute to determine which of its disjunctive elements were used to charge and convict Aguilar-Delgado. Id. at 259. Under these circumstances, we are forced to conclude that the district court erred in categorizing the defendant's conviction under the Illinois aggravated battery statute as a crime of violence. Also under these circumstances, the error was plain and obvious. United States v. Gracia-Cantu, 302 F.3d 308, 313 (5th Cir. 2002). The error affected Aguilar-Delgado's substantial rights and seriously affects the fairness of judicial proceedings because the error resulted in an increased recommended imprisonment range. Id. With the sixteen-level increase, his guideline range is 46 to 57 months imprisonment. Without the sixteen-level increase, the maximum guideline range is 6 to 12 months

3

(excluding downward adjustments applied at sentencing). This will be the starting guideline range (before downward adjustments) applicable to defendant's sentence on remand unless the government can demonstrate from the Illinois indictment that the statutory alternative charged was a crime of violence.

Based on the foregoing, the sentence imposed is VACATED and the case is REMANDED for resentencing in accord with this opinion.

## II.

Aguilar-Delgado concedes that his argument that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1-2) are unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), is foreclosed by prior precedent. United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), rev'd on other grounds, United States v. Reyna, 358 F.3d 344 (5th Cir. 2004).

## III.

Finally, Aguilar-Delgado argues that the district court's judgment should be corrected under Fed. R. Crim. P. 36 because it reflects that he was convicted of unlawfully being found in the United States after previous deportation, when he actually pled guilty to attempting to enter the United States without having obtained consent to reapply for admission from the United States General or Secretary of Homeland Security. The government does not oppose this request and has already filed a motion for correction of judgment in the district court. Accordingly, on remand the district court shall AMEND the judgment to reflect the actual offense of conviction.

4

IV.

SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING

AND AMENDMENT OF JUDGMENT.