United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-40176

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CARLOS ALFREDO ALFARO

Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before KING, Chief Judge, and BENAVIDES and STEWART, Circuit
Judges.

KING, Chief Judge:

Defendant-Appellant Carlos Alfredo Alfaro pled guilty to
being knowingly and unlawfully present in the United States
following deportation, in violation of 8 U.S.C. § 1326, 6 U.S.C.
§ 202, and 6 U.S.C. § 557. At sentencing, the district court
increased his offense level by sixteen points pursuant to UNITED
STATES SENTENCING GUIDELINES ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii) (2002),
which provides for an enhancement if the defendant previously had
been convicted of a "crime of violence." Alfaro now appeals his
sentence of fifty months, arguing that the district court erred
by: (1) enhancing his sentence sixteen levels; (2) assigning a

criminal history point for Alfaro's prior conviction for evading arrest; (3) failing to find that 8 U.S.C. §§ 1326(b)(1) and (2) are unconstitutional; and (4) sentencing him under the mandatory guidelines regime supplanted by United States v. Booker, 125 S. Ct. 738 (2005). We VACATE Alfaro's sentence and REMAND for resentencing.

## I. Factual and Procedural Background

On August 7, 2003, Border Patrol agents found Alfaro, a citizen of El Salvador, in Freer, Texas, after he had illegally entered the United States by crossing the Rio Grande River. Previously, on September 26, 1997, Alfaro was removed from the United States. Because he had not obtained permission to re-enter the country after being deported in 1997, he was indicted for being illegally present in the United States following deportation. He pled guilty to this charge.

Prior to sentencing, the district court instructed the probation officer to prepare a presentence report ("PSR") for Alfaro. In this PSR, the probation officer, relying on the 2002 version of the Sentencing Guidelines, stated that Alfaro's base offense level was eight. He then wrote that Alfaro was convicted in 1994 in Fairfax, Virginia of shooting into an occupied dwelling, in violation of VA. CODE ANN. § 18.202-79 (1993). On the basis of this prior conviction, the probation officer recommended that Alfaro receive a sixteen-level enhancement under

2

U.S.S.G. § 2L1.2(b)(1)(A)(ii) for previously being convicted of a "crime of violence," which would result in an offense level of twenty-four. After including a three-level reduction for acceptance of responsibility, Alfaro's offense level, as set forth in the PSR, was twenty-one. The probation officer additionally determined that Alfaro had a criminal history category of III.

Alfaro was originally scheduled to be sentenced on January 9, 2004. At sentencing, Alfaro's counsel objected to the use of his 1994 Virginia conviction to enhance his sentence because Alfaro was seventeen at the time of the offense. The district court continued the sentencing proceeding to allow counsel to determine whether Alfaro had been certified as an adult with respect to his 1994 Virginia conviction. On February 5, 2004, the district court received proof that Alfaro had been certified as an adult with respect to this conviction. Alfaro acknowledged the validity of this finding, and he did not further challenge the sixteen-level enhancement. Accordingly, the district court accepted the probation officer's offense score, which resulted in a guidelines imprisonment range of forty-six to fifty-seven months. The district court sentenced Alfaro to a fifty-month term of imprisonment, a three-year term of supervised release, and a $100 special assessment. Alfaro now appeals his sentence.

## II. ANALYSIS

## A.    The Sixteen-Level Enhancement

Alfaro argues that the district court committed plain error by applying a sixteen-level enhancement for previously committing a "crime of violence" under U.S.S.G. § 2L1.2 on the basis of his 1994 Virginia conviction for shooting at an occupied dwelling. Specifically, Alfaro argues that shooting into an occupied dwelling is not a "crime of violence" under U.S.S.G. § 2L1.2 because: (1) it is not a conviction for one of the qualifying offenses enumerated in § 2L1.2; and (2) the statute of conviction, VA. CODE ANN. § 18.2-279, does not have as an element the use, attempted use, or threatened use of physical force against the person of another.

Alfaro additionally states that his substantial rights were violated because, at most, he should have been subject only to an eight-level enhancement under § 2L1.2(b)(1)(C) for being convicted of an "aggravated felony."  This would have produced a Guidelines sentencing range of at most fifteen to twenty-one months, far less than the fifty months he received.

Because Alfaro did not object below to the district court's imposition of the sixteen-level increase, this court reviews the district court's imposition of the enhancement for plain error.[1]

---

[1]    In a Rule 28(j) letter, the government argues for the first time that Alfaro has waived, rather than forfeited, his claim that the district court improperly imposed the sixteen-level enhancement because Alfaro acquiesced at the February 5, 2004 sentencing hearing to the district court's finding that the probation officer had properly calculated his offense level.  Prior

4

See <u>United States v. Villegas</u>, No. 03-21220, 2005 WL 627963, at *2 (5th Cir. Mar. 17, 2005); <u>United States v. Olano</u>, 507 U.S. 725, 732-37 (1993); <u>United States v. Knowles</u>, 29 F.3d 947, 951 (5th Cir. 1994).  This court finds plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights.  <u>Olano</u>, 507 U.S. at 732-37.  When these three conditions are all met, this court may exercise its discretion to correct the error only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  <u>United States v. Mares</u>, No. 03-21035, 2005 WL 503715, at *8 (5th Cir. Mar. 4, 2005) (quoting <u>United States v. Cotton</u>, 535 U.S. 625, 631 (2002)).

In reviewing Alfaro's claim of plain error, we begin by determining whether the district court committed an error and

---

to the sentencing hearing, Alfaro objected to the enhancement on the ground that he was a juvenile when convicted of the Virginia offense.  At the sentencing hearing, Alfaro withdrew this objection after being provided with proof that he was prosecuted as an adult. He did not, however, waive the entirely different objection that he was not convicted of a "crime of violence."  See <u>United States v. Aguilar-Delgado</u>, No. 04-40309,  2004 WL 2801794, at *1 n.2 (5th Cir. Dec. 7, 2004) (unpublished) (holding that the withdrawal of an unrelated factual objection to a prior conviction did not waive the defendant's right to plain-error review of his claim that this same conviction was not for a "crime of violence" under § 2L1.2). Additionally, Alfaro's failure to object to the characterization of his prior offense as a "crime of violence" did not constitute a waiver of this objection.  See <u>United States v. Gomez-Vargas</u>, No. 03-40966, 2004 WL 2309703, at *1 (5th Cir. Oct. 14, 2004) (per curiam) (unpublished) (rejecting the government's argument that the defendant waived his right to object to the characterization of his prior offense as a "crime of violence" by not objecting to the PSR).  Accordingly, Alfaro is entitled to plain-error review on this issue.

whether that error was plain.  <u>Villegas</u>, 2005 WL 627963, at *2-5.
In resolving his claim that the district court erred by
misapplying § 2L1.2(b)(1)(A)(ii), we review the district court's
interpretation and application of the Guidelines de novo.  <u>Id.</u>
Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), an alien convicted of
unlawfully re-entering, or being unlawfully present in, the
United States after previously being deported, faces a sixteen-
level enhancement under the Sentencing Guidelines if, prior to
his deportation, he had "a conviction for a felony that is . . .
a crime of violence . . . ."  The term "crime of violence"
includes "murder, manslaughter, kidnaping, aggravated assault,
forcible sex offenses (including sexual abuse of a minor),
robbery, arson, extortion, extortionate extension of credit, and
burglary of a dwelling."  U.S.S.G. § 2L1.2, Application Note
1(B)(II).  Additionally, it includes any offense under "federal,
state, or local law that has as an element the use, attempted
use, or threatened use of physical force against the person of
another."  <u>Id.</u>

Under the categorical approach set forth in <u>United States v.
Taylor</u>, 495 U.S. 575, 602 (1990), a district court looks to the
elements of a prior offense, rather than to the facts underlying
the conviction, when classifying a prior offense for sentence
enhancement purposes.  <u>See also</u> <u>United States v. Gracia-Cantu</u>,
302 F.3d 308, 309 (5th Cir. 2002).  In <u>United States v. Calderon-
Pena</u>, 383 F.3d 254, 257 (5th Cir. 2004), this court addressed

6

exactly what a district court should consider when determining if a "crime of violence" under § 2L1.2 was committed, writing:

> Although the actual conduct described in the indictments could be construed to involve the use of physical force against the person of another, that is irrelevant . . . . The inquiry [when determining if a "crime of violence" was committed] looks to the <u>elements</u> of the crime, not to the defendant's actual conduct in committing it. This rule springs directly from the language of the "crime of violence" definition itself, which states that a "crime of violence" is an offense that "has as an <u>element</u>" the use of force. The elements of an offense of course come from the statute of conviction, not from the particular manner and means that attend a given violation of the statute. Prior decisions of this court have accordingly held that the statute of conviction, not the defendant's underlying conduct, is the proper focus.

383 F.3d at 257 (internal citations omitted). Similarly, in <u>United States v. Vargas-Duran</u>, 356 F.3d 598, 605-06 (5th Cir. 2004), this court held that an inquiry of this sort is limited to looking at the elements of the statute of conviction, writing that "[if] any set of facts would support a conviction without proof of that component, then the component most decidedly is not an element--implicit or explicit--of the crime."

In the present case, the statute of conviction, VA. CODE ANN. § 18.2-279, provides:

> If any person maliciously discharges a firearm within any building when occupied by one or more persons in such a manner as to endanger the life or lives of such person or persons, or maliciously shoots at, or maliciously throws any missile at or against any dwelling house or other building when occupied by one or more persons, whereby the life or lives of any such person or persons may be put in peril, the person so offending shall be guilty of a Class 4 felony. In the event of the death of any person, resulting from such malicious shooting or

7

> throwing, the person so offending shall be guilty of
> murder, the degree to be determined by the jury or the
> court trying the case without a jury.
>
> If any such act be done unlawfully but not maliciously,
> the person so offending shall be guilty of a Class 6
> felony; and, in the event of the death of any person
> resulting from such unlawful shooting or throwing the
> person so offending shall be guilty of involuntary
> manslaughter. If any person willfully discharges a
> firearm within or shoots at any school building whether
> occupied or not, he shall be guilty of a Class 4 felony.

Under § 2L1.2, shooting into an occupied dwelling in violation of this statute is not one of the enumerated offenses that qualify as a "crime of violence." Additionally, VA. CODE ANN. § 18.2-279 does not have, as a necessary element, the use, attempted use, or threatened use of force against another. As Alfaro correctly notes, a defendant could violate this statute merely by shooting a gun at a building that happens to be occupied without actually shooting, attempting to shoot, or threatening to shoot another person. Similarly, an individual could be convicted under this statute for discharging a firearm within an unoccupied school building without actually shooting, attempting to shoot, or threatening to shoot another person. Even if we accept (as the parties appear to) that Alfaro was convicted of committing one of the Class 4 felonies enumerated in VA. CODE ANN. § 18.2-279, his conviction still did not require the use, threatened use, or attempted use of force against the <u>person</u> of another. Accordingly, the first prong of the plain-error test is met because the district court erred when it concluded that Alfaro's

8

conviction under VA. CODE ANN. § 18.2-279 was for a "crime of violence." See U.S.S.G. 2L1.2; Calderon-Pena, 383 F.3d at 257.

The second prong of the plain-error test is also met because this court has consistently held that when a district court errs in concluding that a defendant was convicted of a "crime of violence," the error is plain. See, e.g., United States v. Insaulgarat, 378 F.3d 456, 471 (5th Cir. 2004); Gracia-Cantu, 302 F.3d at 313; United States v. Aguilar-Delgado, No. 04-40309, 2004 WL 2801794 (5th Cir. Dec. 7, 2004) (unpublished); United States v. Lopez-Hernandez, No. 02-21078, 2004 WL 2428675, at *1 (5th Cir. Oct. 28, 2004) (per curiam) (unpublished). With respect to the third and fourth prongs of the plain-error test, we must determine "whether the defendant can show a reasonable probability that, but for the district court's misapplication of the Guidelines, [the defendant] would have received a lesser sentence." Villegas, 2005 WL 627963, at *7. In Villegas, the court stated that absent the enhancement, the defendant's "sentencing range would have been reduced from between twenty-one and twenty-seven months to between ten and sixteen months." Id. at *7. It then held that "[b]ecause these two sentencing ranges do not overlap, the district court's error necessarily increased [the defendant's] sentence and thus affected his substantial rights." Id.; see also Insaulgarat, 378 F.3d at 468 n.17 (holding that because the district court's error resulted in the imposition of a sentence substantially greater than the maximum

9

otherwise permitted under the Sentencing Guidelines, the error affected the defendant's substantial rights and the fairness of the judicial proceedings); Gracia-Cantu, 302 F.3d at 312 (same). In the present case, without the sixteen-level enhancement for committing a "crime of violence," Alfaro at most would have been subject to an eight-level enhancement under § 2L1.2(b)(1)(C) for being convicted of an "aggravated felony." Accordingly, he would have faced a sentencing range of, at most, fifteen to twenty-one months, far less than the fifty-month sentence he received. Thus, the district court's error in the present case resulted in the imposition of a sentence that was substantially greater than would otherwise have been permitted under the Sentencing Guidelines, thereby affecting Alfaro's substantial rights and the fairness of the judicial proceedings. See, e.g., Villegas, 2005 WL 627963, at *7; Insaulgarat, 378 F.3d at 468 n.17; Gracia-Cantu, 302 F.3d at 312. Accordingly, we conclude that the district court committed plain error when it imposed the sixteen-level sentence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), and we vacate Alfaro's sentence and remand for resentencing.[2] See Villegas, 2005 WL 627963, at *7.

---

[2]     Because we vacate Alfaro's sentence, we need not address his argument that the district court committed error under Booker by sentencing him under a mandatory guidelines regime. On remand the district court will not be bound by the Guidelines, but it must consider them, including, inter alia, "the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the [G]uidelines," all in the light of this opinion. 18 U.S.C.

10

**B.    Alfaro's Criminal History Category**

With respect to Alfaro's argument that the district court erred in assigning a criminal history point under U.S.S.G. § 4A1.2(c)(1) for his Texas state misdemeanor conviction for evading arrest, we note that both Alfaro and the government agree that the district court erred.  As the government admits, under § 4A1.2(c)(1), a criminal history point should have been assigned to Alfaro's prior conviction for evading arrest only if the conviction resulted in a sentence of probation for a year or more or imprisonment for thirty days or more.  See U.S.S.G. § 4A1.2(c)(1); United States v. Moore, 997 F.2d 30, 33 (5th Cir. 1993).  Alfaro only received a sentence of ten days imprisonment for his evading arrest conviction.  Thus, the district court erred in assigning a criminal history point for this offense. Because we vacate Alfaro's sentence based on the sixteen-level enhancement, however, we need not address whether the court's erroneous imposition of the criminal history point is plain error requiring reversal.

**C.    The Constitutionality of 8 U.S.C. § 1326(b)**

Finally, Alfaro argues that the "felony" and "aggravated

---

§ 3553(a); United States v. Booker, 125 S. Ct. 738, 764-65 (2005); United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).  That done, if the resulting sentence is appealed, it will be reviewed for reasonableness, as mandated by Booker.

felony" provisions of 8 U.S.C. §§ 1326(b)(1) and (2) are unconstitutional.[3]  While Alfaro notes that this argument appears to be foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), he contends that Almendarez-Torres was wrongly decided.  In support of his argument, he claims that Justice Thomas, who provided a critical fifth vote in Almendarez-Torres, now appears to have repudiated his position in Almendarez-Torres.  Thus, Alfaro concludes that five members of the Supreme Court now appear to be of the view that Almendarez-Torres was incorrectly decided.

Because Alfaro made no objection to the alleged constitutional error below, we review his claim for plain error. Olano, 507 U.S. at 732-37; Knowles, 29 F.3d at 951.  In this circuit, "[i]t is self-evident that basing a conviction on an

---

[3]    These sections state:

(b) Criminal penalties for reentry of certain removed aliens

Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--

(1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;

(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both . . . .

8 U.S.C. §§ 1326(b)(1) and (2).

unconstitutional statute is both 'plain' and 'error' . . . ." Knowles, 29 F.3d at 951.  Alfaro's argument that §§ 1326(b)(1) and (2) are unconstitutional, however, fails in light of Almendarez-Torres and Fifth Circuit precedent.  As Alfaro recognizes, in Almendarez-Torres, the Supreme Court effectively rejected his argument.  See Almendarez-Torres, 523 U.S. at 235. Almendarez-Torres has not been overruled and is still good law. Additionally, this court has repeatedly rejected arguments like the one made by Alfaro as being foreclosed by Almendarez-Torres. See, e.g., United States v. Mendez-Villa, 346 F.3d 568, 570-71 (5th Cir. 2003) (per curiam) (holding that Almendarez-Torres remains binding despite Apprendi v. New Jersey, 530 U.S. 466 (2000)); United States v. Delgado-Nunez, 295 F.3d 494, 498 (5th Cir. 2002) (same).  Accordingly, Alfaro's argument that §§ 1326(b)(1) and (2) are unconstitutional fails.

### III.  CONCLUSION

For the foregoing reasons, we VACATE Alfaro's sentence and REMAND for resentencing consistent with this opinion.