United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-40513

UNITED STATES OF AMERICA

Plaintiff-Appellee,

v.

JOSE PEDRO SANCHEZ-TORRES
Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 1:04-CR-13-1

Before SMITH, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Pedro Sanchez-Torres challenges his sentence imposed following his guilty plea to being unlawfully present in the United States following deportation, a violation of 8 U.S.C. § 1326. Sanchez-Torres argues that the district court plainly erred in enhancing his base offense level by four levels pursuant to U.S.S.G. § 2L1.2(b)(1)(E) on the basis of his three Washington State fourth degree assault convictions. Sanchez-Torres contends

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

that, based on the evidence in the record, the Government failed to prove that his prior convictions were categorically crimes of violence as defined by U.S.S.G. § 2L1.2.[2]  We agree.

**BACKGROUND**

The relevant facts of this case are undisputed.  On January 1, 2004, Sanchez-Torres pleaded guilty and was convicted as an alien unlawfully present in the United States following a prior deportation.  Though the probation officer originally recommended a different sentence enhancement in his pre-sentence report, Sanchez-Torres successfully argued that the originally recommended enhancement was inapplicable.  Consequently, the probation officer modified the pre-sentence report and recommended that Sanchez-Torres's sentence be enhanced under § 2L.1.2(b)(1)(E) on the ground that Sanchez-Torres's three prior convictions in Washington state for fourth degree assault were crimes of violence.

The modified pre-sentence report describes the facts in support of the misdemeanor assault convictions in lurid detail. Though that report indicates that Sanchez-Torres pleaded guilty to each offense, the judgments of conviction and plea colloquies for

---

[2]Sanchez-Torres also contends that his sentence is invalid under the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738, 739 (2005), because the district court imposed a sentence under the erroneous belief that the recommended sentence under the Sentencing Guidelines was mandatory rather than merely advisory.  Because we vacate Sanchez-Torres's sentence on another ground, we need not consider whether his sentence would be invalid under Booker.  See United States v. Villegas, 404 F.3d 355, 365 (5th Cir. 2005).

each offense are not in the record.

On April 22, 2004, the district court adopted the facts and recommendations set forth in the modified pre-sentence report and sentenced Sanchez-Torres to 24 months' imprisonment, the statutory maximum for his offense. This is because, with the four-level enhancement under § 2L1.2 (1)(b)(E) crime of violence, the minimum sentence in the Guidelines range for his sentence exceeded the statutory maximum, and pursuant to § 5.G1.1(a), in such an instance, the statutory maximum becomes the "Guideline sentence." Though Sanchez-Torres raised no objection to his crime of violence sentence enhancement during sentencing, he timely appeals.

## ANALYSIS AND CONCLUSIONS

Because Sanchez-Torres did not raise his legal objection to the imposition of the four-level sentence enhancement in district court, this court's review of that sentence enhancement is for plain error. See, e.g., United States v. Aderholt, 87 F.3d 740, 743 (5th Cir. 1996); cf. United States v. Booker, 125 S. Ct. 738, 769 (2005)(instructing appellate courts to apply ordinary prudential doctrines such as plain-error review). Plain error occurs when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732-37 (1993); United States v. Mares, 402 F.3d 515, 520 (5th Cir. 2005). "If all three conditions are met, an appellate court may then exercise its

3

discretion to notice a forfeited error but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Mares, 402 F.3d at 520 (quoting United States v. Cotton, 535 U.S. 625, 631, 152 L. Ed. 2d 860, 122 S. Ct. 1781 (2002)).

This court has recently held that the usual *de novo* standard of review for a district court's application of the Guidelines remains unchanged following Booker. United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005). Thus, in determining whether there was plain error in the district court's application of the Guidelines, that application is reviewed *de novo*. Id. at 363.

U.S.S.G. § 2L1.2(b)(1)(E) states that a defendant's base offense level should be increased four levels if he "previously was deported, or unlawfully remained in the United States, after . . .three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses." U.S.S.G. § 2L1.2(b)(1)(E). "Crime of violence" is defined to include "any offense under federal, state, or local law that has an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii); see United States v. Vargas-Duran, 356 F.3d 598, 599-600 (5th Cir.) (en banc), cert. denied, 124 S. Ct. 1728 & 125 S. Ct. 494 (2004); United States v. Calderon-Pena, 383 F.3d 254, 256 (5th Cir. 2004) (en banc), cert. denied, 135 S. Ct. 932 (2005).

4

Under this court's en banc decision in <u>Calderon-Pena</u>, and the categorical approach mandated by the Guidelines, the facts of a particular offense should not be used to determine whether a prior conviction of a non-enumerated offense is a conviction for a crime of violence. <u>Calderon-Pena</u>, 383 F.3d at 257. Instead, the relevant question is whether the elements of that offense, involve the "use, attempted use, or threatened use of force against the person of another," and the elements of an offense are found in the statute of conviction. <u>Calderon-Pena</u>, 383 F.3d at 256-57. In order for an offense to qualify as a crime of violence "the intentional use of force must be a 'constituent part of a claim that must be proved for the claim to succeed.'" <u>Vargas-Duran</u>, 356 F.3d at 605 (quoting Black's Law Dictionary 538 (7th ed. 1999)). "If any set of facts would support a conviction without proof of that component, then the component most decidedly is not an element—implicit or explicit-of the crime." <u>Id.</u>

In Washington state, a person commits assault in the fourth degree if "under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another." WASH. REV. CODE ANN. § 9A.36.041(1) & (2) (West 2004). Because the term "assault" is not defined by statute, Washington courts apply the common law definition of assault. <u>See</u> <u>Clark v. Baines</u>, 84 P.3d 245, 247 n.3. (Wash. 2004). Thus, in Washington, there are three recognized definitions of assault: "(1)

5

an attempt, with unlawful force, to inflict bodily injury upon another ; (2) an unlawful touching with criminal intent; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is incapable of inflicting harm." Id. Based on these common law definitions as well as the Washington assault statutes, a person commits assault in the fourth degree when the intentional touching is harmful or offensive but does not involve: (1) great bodily harm or a weapon; (2) recklessly inflicted bodily injury that is substantial; (3) negligently inflicted bodily injury or injury resulting in substantial pain and suffering. See WASH. REV. CODE. ANN. §§ 9A.36.011 (describing assault in the first degree); 9A.36.021 (describing assault in the second degree); 9A.36.031 (assault in the third degree). Accordingly, we conclude that a Washington state prosecutor may secure a conviction for fourth degree assault by proving that there was an intentional touching that is either "harmful" or "offensive." Washington v. Plush, 2000 Wash. App. LEXIS 209 at *5 (Wash. Ct. App. 2000)(affirming conviction for assault because spitting on an officer was an offensive intentional unlawful touching); Washington v. C.D., 2002 Wash. App. LEXIS 2873 (Wash. Ct. App. 2002)(affirming conviction for assault because touching of complainant's breast and buttocks could be an offensive touching).

This court has previously stated that the use of force element of a crime of violence involves "destructive or violent force."

6

United States v. Landeros-Gonzales, 262 F.3d 424, 426 (5th Cir. 2001). Consequently, while a "harmful" touching likely involves as an element the use, attempted use, or threatened use of destructive or violent force against the person of another necessary to qualify for a crime of violence sentence enhancement under U.S.S.G. § 2L1.2, an offensive touching may not involve such an element. See, e.g., Plush, 2000 Wash. App. LEXIS 209 at *5; C.D., 2002 Wash. App. LEXIS 2873. Hence, the mere fact that Sanchez-Lopez was convicted for fourth degree assault in Washington state does not demonstrate that the use, attempted use, or threatened use of physical force against the person of another was an essential element necessary to support that conviction. See Vargas-Duran, 356 F.3d at 605. Given that the record is devoid of any additional evidence, such as the judgment of conviction, or the plea colloquy, from which we may ascertain the essential elements of Sanchez-Torres's Washington fourth degree assault convictions, we cannot categorically determine those convictions to be crimes of violence under U.S.S.G. § 2L1.2(b)(1)(E). See United States v. Martinez-Paramo, 380 F.3d 799, 801, 805-06 (5th Cir. 2004). Thus, it was error to apply the four-level crime of violence enhancement in this case based on merely the existence of those convictions. See United States v. Rodriguez-Rodriguez, 388 F.3d 466, 470 (5th Cir. 2004); United States v. Alfaro, 2005 U.S. App. LEXIS 7325, *11 (5th Cir. 2005).

Because we have determined that it was error to apply the

7

four-level crime of violence enhancement to Sanchez-Torres's sentence, and because that error is obvious under this Circuit's precedent, Sanchez-Torres has met the first two prongs of the plain error test. See Villegas, 404 F.3d at 364; Alfaro, 2005 U.S. App. LEXIS at *11-12. As the parties do not dispute that his sentence is significantly longer with the enhancement (24 months) than without (likely between 12 and 18 months) and there is no overlap, Sanchez-Torres has also established the third prong of the plain error test—*viz.* that the error affected his substantial rights and affected the fairness, integrity, or public reputation of the judicial proceedings. Villegas, 404 F.3d at 364; Alfaro, 2005 U.S. App. LEXIS at *11-12. Finding plain error, we accordingly VACATE Sanchez-Torres's sentence and REMAND to the district court for re-sentencing.