United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51199
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE SALVADOR SILVA-ONTIVEROS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1130-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Jose Salvador Silva-Ontiveros ("Silva") appeals the 41-month

sentence imposed subsequent to his entry of a guilty plea to a

violation of 8 U.S.C. § 1326.  Silva contends for the first time

on appeal that the district court erred, under United States v.

Booker, 125 S. Ct. 738 (2005), by sentencing him pursuant to a

Guideline scheme that the district court believed was mandatory.

Silva asserts that the error was plain and affected his

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial rights and that we should exercise discretion and correct the error.

Our review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005)(No. 04-9517); see also United States v. Malveaux, ___F.3d___, No. 03-41618, 2005 WL 1320362 (5th Cir. Apr. 11, 2005). Silva must therefore show: "(1) error, (2) that is plain, and (3) that affects his substantial rights." Mares, 402 F.3d at 520 (internal quotations and citation omitted).

To demonstrate that the plain error affected his substantial rights, Silva has the burden of showing that the error "affected the outcome of the district court proceedings." United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005) (internal quotations and citation omitted). He must demonstrate "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Mares, 402 F.3d at 521.

Silva has not made the required showing. See Valenzuela-Quevedo, 407 F.3d at 733-34. Silva has not identified any grounds, and the record does not provide any indication "from the sentencing judge's remarks or otherwise," to show that the district court would have reached a different conclusion in a post-Booker advisory Guideline sentencing proceeding. Mares, 402 F.3d at 522. Accordingly, Silva has not met his burden of

showing that the error affected his substantial rights.  See Valenzuela-Quevedo, 407 F.3d at 733-34.

Silva contends that his sentence violates his right to due process because it exceeds the maximum sentence authorized for the offense that was charged in the indictment.  Silva asserts that the indictment alleged a violation of 8 U.S.C. § 1326(a) and did not allege that he had a prior conviction; thus, he contends that his 41-month sentence exceeds the maximum two-year penalty authorized by 8 U.S.C. § 1326(a).  Silva challenges the validity of Almendarez-Torres v. United States, 523 U.S. 224 (1998), but concedes that his argument is foreclosed and raises the issue only to preserve it for Supreme Court review.

The Supreme Court has not overruled Almendarez-Torres, and we must follow it unless and until the Supreme Court overrules it.  See Shepard v. United States, 125 S. Ct. 1254, 1262-63 & n.5 (2005); United States v. Alfaro, ___ F.3d ___, No. 04-40176, 2005 WL 976995, *5 (5th Cir. Apr. 28, 2005); United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005). Accordingly, Silva's sentence is AFFIRMED.