United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51452
Conference Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

CARLOS ALBERTO QUIROZ-SANCHEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1785-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Carlos Alberto Quiroz-Sanchez ("Quiroz") appeals the 46-
month sentence imposed subsequent to his entry of a guilty plea
to a violation of 8 U.S.C. § 1326.  Quiroz contends for the first
time on appeal that the district court erred, under United States
v. Booker, 125 S. Ct. 738 (2005), by sentencing him pursuant to a
guideline scheme that the district court believed was mandatory.
Quiroz asserts that the error was plain and affected his

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial rights and that we should exercise discretion and correct the error.

Our review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Quiroz must therefore show "(1) error, (2) that is plain, and (3) that affects his substantial rights." Mares, 402 F.3d at 520 (internal quotations and citation omitted).

To demonstrate that the plain error affected his substantial rights, Quiroz has the burden of showing that the error "affected the outcome of the district court proceedings." United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005) (internal quotations and citation omitted), petition for cert. filed (July 25, 2005) (No. 05-5556). He must demonstrate "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Mares, 402 F.3d at 521.

Quiroz has not made the required showing. See Valenzuela-Quevedo, 407 F.3d at 733-34. Quiroz has not identified any grounds, and the record does not provide any indication "from the sentencing judge's remarks or otherwise," to show that the district court would have reached a different conclusion in a post-Booker advisory guideline sentencing proceeding. Mares, 402 F.3d at 522. Accordingly, Quiroz has not met his burden of

showing that the error affected his substantial rights.  See

Valenzuela-Quevedo, 407 F.3d at 733-34.

Quiroz contends that his sentence violates his right to due process because it exceeds the maximum sentence authorized for the offense that was charged in the indictment.  Quiroz asserts that the fact of his prior conviction is an element of the 8 U.S.C. § 1326 offense that was not alleged in the indictment. He contends that his 46-month sentence exceeds the maximum two-year penalty authorized by 8 U.S.C. § 1326(a).  Quiroz challenges the validity of Almendarez-Torres v. United States, 523 U.S. 224 (1998), but concedes that his argument is foreclosed and raises the issue only to preserve it for Supreme Court review.

The Supreme Court has not overruled Almendarez-Torres, and we must follow it unless and until the Supreme Court overrules it.  See United States v. Alfaro, 408 F.3d 204, 210-11 (5th Cir. 2005); United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005), petition for cert. filed (July 22, 2005) (No. 05-5469).  Accordingly, Quiroz's sentence is AFFIRMED.