United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 14, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40047
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACINTO CORTES-GARCIA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
Criminal No. 7:04-CR-138

Before JONES, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jacinto Cortes-Garcia pleaded guilty to being unlawfully present in the United States after having been deported, a violation of 8 U.S.C. § 1326. He appeals his 57-month sentence pursuant to United States v. Booker, 125 S. Ct. 738 (2005).[1] Because Cortes-Garcia preserved his claim of error and the Government cannot demonstrate the error is harmless, we **VACATE**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] To preserve the issue for possible Supreme Court review, Cortes-Garcia also challenges the constitutionality of § 1326, but he correctly concedes that this argument is foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998); United States v. Alfraro, 408 F.3d 204, 210-11 (5th Cir. 2005), cert. denied, (Oct. 3, 2005)(No. 05-5604).

Cortes-Carcia's sentence and **REMAND** to the district court for re-sentencing.

## BACKGROUND

On April 5, 2004, Cortes-Garcia pleaded guilty to a violation of 8 U.S.C. § 1326. A pre-sentence report ("PSR") calculated Cortes-Garcia's total offense level at 22, which included a sixteen-level enhancement for his prior conviction of a crime of violence and a two-level reduction for acceptance of responsibility. Cortes-Garcia objected to the PSR on the basis of Blakely v. Washington, 124 S. Ct. 2531 (2004). The district court overruled this objection. At sentencing, the court granted the Government's motion for an additional one-level reduction for acceptance of responsibility, bringing the total offense level to 21, and sentenced Cortes-Garcia to fifty-seven months imprisonment.

## DISCUSSION

Because the district court sentenced Cortes-Garcia under a mandatory Guidelines regime, it committed Fanfan error. See United States v. Valenzuela-Quevado, 407 F.3d 728, 733 (5th Cir. 2005); see also United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005)(discussing the difference between Sixth Amendment Booker error and Fanfan error). The Government concedes that Cortes-Garcia's objection on the basis of Blakely v. Washington, 124 S. Ct. 2531 (2004), was sufficient to preserve his Fanfan claim.

This court reviews preserved <u>Fanfan</u> claims for harmless error. <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 520 n.9 (5th Cir. 2005) ("[I]f either the Sixth Amendment issue presented in <u>Booker</u> or the issue presented in <u>Fanfan</u> is preserved in the district court by an objection, we will ordinarily vacate and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure."). Thus, "the only question is whether the government has met its burden to show harmless error beyond a reasonable doubt in the imposition of [the defendant's] sentence." <u>Walters</u>, 418 F.3d at 464.

Under harmless error, an error that does not affect a defendant's "substantial rights" is disregarded. FED. R. CRIM. P. 52(a). Thus, the Government must prove beyond a reasonable doubt that the outcome of the district court proceedings was not affected by the imposition of the mandatory Guidelines. In the instant case, the Government argues that no prejudice resulted to the defendant because he received the benefit of the Guidelines — a three-level reduction for acceptance of responsibility. We are not persuaded by the Government's argument, particularly in light of the district court's lack of clear commentary regarding the sentence and its decision to sentence at the bottom of the applicable Guideline range.

**CONCLUSION**

Accordingly, we **VACATE** Cortes-Garcia's sentence and **REMAND** for resentencing.