# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2015

Lyle W. Cayce
Clerk

No. 14-50070
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE HERNANDEZ-PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-613-1

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jorge Hernandez-Perez appeals the sentence imposed following his conviction for illegal reentry in violation of 8 U.S.C. § 1326. Hernandez-Perez argues that his sentence should be vacated and his case remanded for resentencing because of an error in the calculation of the Sentencing Guidelines. He contends that the district court erred by including a 12-level enhancement based on a finding that a prior North Carolina conviction for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discharging a firearm into an occupied property, in violation of a prior version of North Carolina General Statute § 14-34.1, was a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Hernandez-Perez objected to the determination that this prior offense was a crime of violence; however, the district court overruled the objection and sentenced him to a within-guidelines sentence of 30 months of imprisonment. Hernandez-Perez also objected that the sentence imposed was both procedurally and substantively unreasonable. Therefore, we review application of the enhancement de novo. *See United States v. Guillen-Alvarez,* 489 F.3d 197, 198 (5th Cir. 2007).

As the parties concede, § 14-34.1 is not one of the enumerated offenses listed in § 2L1.2, Application Note 1(B)(iii)). *See also United States v. Alfaro,* 408 F.3d 204, 208-09 (5th Cir. 2005) (finding that similar Virginia statute was not an enumerated offense). Therefore, for the enhancement to apply, § 14-34.1 must have as an element "the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, Application Note 1(B)(iii)). "[W]hen classifying a prior offense for sentence enhancement purposes," courts apply "the categorical approach set forth in *Taylor v. United States,*" 495 U.S. 575 (1990), which requires courts to look "to the elements of a prior offense, rather than to the facts underlying the conviction." *Alfaro,* 408 F.3d at 208.[1]

The version of § 14-34.1 in effect at the time of Hernandez-Perez's conviction criminalized the willful or wanton discharge of a firearm "into any

---

[1] We need not determine whether it is appropriate to further narrow Hernandez-Perez's conviction under the modified categorical approach. As we will explain below, a violation of the relevant statute by discharging a weapon into a *building* is not a crime of violence. Therefore, even assuming the modified categorical approach could be used to establish that Hernandez-Perez was convicted for discharging a weapon into a *building*, it would not change the outcome in this case.

building, structure . . . or enclosure while it is occupied." N.C. GEN. STAT. ANN. § 14-34.1 (2002). The North Carolina Supreme Court has added an additional element, which requires a showing that the defendant discharged the firearm "'with knowledge that the building [was] then occupied by one or more persons or when he [had] reasonable grounds to believe that the building might be occupied by one or more persons.'" *State v. James,* 466 S.E.2d 710, 714-15 (N.C. 1996) (quoting *State v. Williams,* 199 S.E.2d 409, 412 (N.C. 1973)).

We have not previously addressed whether this particular North Carolina statute is a crime of violence for purposes of § 2L1.2. However, we have previously held that a similar Virginia statute is not a crime of violence for purposes of § 2L1.2. *See Alfaro,* 408 F.3d at 208-09 (addressing VA. CODE ANN. § 18.2-279 (1993)). We concluded that the Virginia statute did not have "as a necessary element, the use, attempted use, or threatened use of force against another" because "a defendant could violate this statute merely by shooting a gun at a building that happens to be occupied without actually shooting, attempting to shoot, or threatening to shoot another person." *Alfaro,* 408 F.3d at 209.

The Government argues that *Alfaro* is distinguishable because, unlike the Virginia statute at issue in that case, the North Carolina statute requires the discharge of a firearm into a residence known by the defendant to be occupied. However, we note that both the Virginia and North Carolina statutes criminalize conduct involving occupied buildings. *See* N.C. GEN. STAT. ANN. § 14-34.1 (2002) ("while it is occupied"); VA. CODE ANN. § 18.2-279 (1993) ("when occupied by one or more persons").[2] Although the Government is correct that North Carolina courts have added the additional requirement that the

---

[2] The Virginia statute also criminalized conduct involving an unoccupied school building, but our conclusion in *Alfaro* did not depend exclusively on that portion of the statute. *Alfaro,* 408 F.3d at 209.

defendant know, or have "reasonable grounds to believe," that the building is occupied, that requirement does not necessarily mean the Hernandez-Perez's conviction had an element of a use, attempted use, or threatened use of force against the person of another.[3]

We also reject the Government's assertion that the instant case is more like *United States v. Hernandez-Rodriguez,* 467 F.3d 492 (5th Cir. 2006). In that case, the defendant received a 16-level enhancement under § 2L1.2 based on a prior Texas conviction for "deadly conduct" under Texas Penal Code § 22.05(b)(1), which is defined as the knowing discharge of a firearm at or in the direction of one or more individuals. *See Hernandez-Rodriguez,* 467 F.3d at 493-94. In affirming the application of the enhancement in that case, we distinguished our prior holding in *Alfaro,* noting that § 22.05(b)(1) requires the shooting to be at or in the direction of an individual, not merely a building or structure. *Id.* at 495.

Because Hernandez-Perez's conviction under § 14-34.1 did not necessarily include an element of the use, attempted use, or threatened use of force against the person of another, we conclude that Hernandez-Perez's prior conviction was not a crime of violence under § 2L1.2(b)(1)(A)(ii).[4] In the absence of any indication that the district court imposed some sort of alternative sentence, we VACATE Hernandez-Perez's sentence and REMAND this case for resentencing consistent with this opinion.

---

[3] After our decision in *Alfaro* the Supreme Court of Virginia issued an opinion in *Ellis v. Commonwealth*, 706 S.E.2d 849, 852-53 (2011), which suggests that the Virginia statute also includes a knowledge requirement. We are satisfied that North Carolina's knowledge requirement does not compel a finding that Hernandez-Perez' conviction was for a crime of violence, but we offer no opinion on whether *Ellis* would have changed the analysis of the Virginia statute addressed in *Alfaro*.

[4] We emphasize that our holding is limited to Hernandez-Perez's conviction. We are not deciding, for example, whether violating § 14-34.1 by shooting into a vehicle would be a crime of violence.